UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LENNIE J. SAWYER, III, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-810 JD |
|  | ) |  |
| JOHN BOYD, et. al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Lennie J. Sawyer, III, a *pro se* prisoner, filed a complaint against the Sheriff of LaPorte County and two LaPorte County Jail employees for not allowing him to use the jail's law library. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Sawyer is an inmate at the LaPorte County Jail. He complains that the three defendants have denied him access to the jail's law library because he is represented by counsel. The exhibits attached to Sawyer's complaint demonstrate that when defendants asked Sawyer to indicate the reason that he needed to use the jail's law library, he only vaguely responded that he had "a pending

1

case"—without providing further details concerning the cause of action or the status of his being represented in that case. He alleges that this amounts to a claim for denial of access to the courts especially since Laporte County Jail policy does not limit library access to only unrepresented inmates.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Thus, to state a claim, Sawyer must "spell

out, in minimal detail" the connection between the denial of access to legal materials and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Here, the simple fact that Sawyer was denied access to the law library does not give rise to an actionable access to courts claim. And the mere violation of a county jail policy does not in and of itself result in a constitutional violation for purposes of § 1983. Moreover, a defendant who is represented by counsel is not necessarily entitled to legal materials for independent research. *United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010). At the very least, Sawyer must spell out some type of prejudice to a potentially meritorious legal claim, which he has not done. Sawyer has neither provided any information about how he was hindered from pursuing non-frivolous litigation nor explained what actual concrete injury he suffered as a result of not having access to the jail's law library. Therefore, this complaint does not state a claim.

Though it seems unlikely that he has suffered some type of prejudice to a potentially meritorious legal claim which he forgot to mention in this complaint, he will nevertheless be given the opportunity to file an amended complaint if he has additional facts to add. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and mail it to Lennie J. Sawyer, III, along with a copy of this order;

(2) **GRANTS** Lennie J. Sawyer, III, until **January 22, 2018**, to file an amended complaint; and

(3) **CAUTIONS** Lennie J. Sayer, III, that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current

complaint does not state a claim.

    SO ORDERED.

    ENTERED: December 20, 2017

                                      /s/ JON E. DEGUILIO
                                      Judge
                                      United States District Court